IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRIAN DEMARCO MITCHELL,

                Plaintiff,                      OPINION AND ORDER

v.                                                             23-cv-141-wmc

KEEGAN DEAN WILLIAMS,

                Defendant.

*Pro se* plaintiff Brian Demarco Mitchell alleges that defendant State Trooper Keegan Dean Williams stopped and searched his vehicle without a valid reason and then lied in his police report and in judicial proceedings about seeing a traffic violation and about smelling marijuana. Mitchell is proceeding against Williams on Fourth Amendment claims for pulling him over and for opening the vehicle's driver's side door without reasonable suspicion or probable cause respectively, and for intentional infliction of emotional distress. (Dkt. #9 at 3-4.) He now seeks leave to amend his complaint to add a Fourteenth Amendment due process claim and a state-law claim for intentional misrepresentation, and to clarify that he is suing defendant in his individual and official capacities. (Dkt. #17.) Defendant opposes the motion in part. (Dkt. #19.) For the following reasons, the court will accept the proposed amended complaint (dkt. #17-1) as the operative pleading in this case and allow Mitchell to also proceed on a due process claim, but not on an intentional misrepresentation claim nor against defendant in his official capacity.[1]

---

[1] Mitchell also filed a reply to defendant's answer that defendant has moved to strike as an improper pleading under Federal Rule of Civil Procedure 12(f). (Dkt. #20.) Rule 7(a) permits a reply to an answer only "if the court orders one." Because the court did not order a reply, and finds Mitchell's to be unnecessary here, defendant's motion to strike the reply will be granted.

OPINION

Under Rule 15(a), the court should freely give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, plaintiff has resubmitted his initial complaint, changing only his address and the caption to add defendant's name a second time, and adding due process and intentional misrepresentation claims based on the same, initial allegations. (Dkt. #17-1 at 1, 9.) Based on those allegations, which the court must take as true at this stage, plaintiff may proceed on a Fourteenth Amendment due process claim, an amendment defendant does not oppose. Indeed, plaintiff alleges that defendant fabricated evidence to justify the stop and search of plaintiff's vehicle, and falsified evidence used subsequently in court against plaintiff violates his right to due process. *See Avery v. City of Milwaukee*, 847 F.3d 433, 439 (7th Cir. 2017) (convictions premised on deliberately falsified evidence always violate the right to due process).

However, plaintiff's allegations are not sufficient to state a claim for intentional misrepresentation. To establish common-law intentional misrepresentation in Wisconsin, plaintiff must show: (1) that defendant made a representation of fact to plaintiff; (2) the representation was false; (3) plaintiff believed and relied on the misrepresentation to plaintiff's detriment; (4) defendant made the misrepresentation knowingly or recklessly; and (5) defendant did so intending to deceive and induce plaintiff. *Pagoudis v. Keidl*, 2023 WI 27, ¶ 13, 406 Wis.2d 542, 555, 988 N.W. 2d 606, 612. Plaintiff alleges that defendant deliberately misrepresented facts, but not to deceive or induce plaintiff, who would have known defendant's statements about a traffic violation and marijuana were false. Rather, plaintiff alleges that defendant wanted to deceive the court and the prosecution, who believed those statements to plaintiff's detriment. Because there is no allegation that *plaintiff* was deceived and justifiably

relied on false information, he has failed to state an intentional misrepresentation claim.

Nor may plaintiff proceed against defendant in his official capacity. All of plaintiff's allegations against defendant concern his individual conduct, and he has not alleged an official capacity theory, such as a policy, practice or custom of fabricating evidence on the part of the Wisconsin State Patrol. Moreover, plaintiff seeks monetary damages, and a state official acting in his official capacity is the state, which may not be sued for damages under 42 U.S.C. § 1983 pursuant to the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Fritz v. Evers*, 907 F.3d 531, 533 (7th Cir. 2018).

## ORDER

IT IS ORDERED that:

1) Defendant's motion to strike plaintiff's reply to the answer (dkt. #20) is GRANTED.

2) Plaintiff's motion for leave to file an amended complaint (dkt. #17) is GRANTED in part and DENIED in part. Plaintiff is GRANTED leave to proceed on a Fourteenth Amendment due process claim, and is DENIED leave to proceed on a state-law intentional misrepresentation claim or against defendant in his official capacity.

3) The court accepts the proposed amended complaint (dkt. #17-1) as the operative pleading in this case. Defendant may file a supplemental answer by December 14, 2023. Plaintiff should not respond to defendant's supplemental answer.

Entered this 30th day of November, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge