IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRIAN DEMARCO MITCHELL,

               Plaintiff,

  v.

WISCONSIN STATE PATROL
TROOPER KEEGAN DEAN
WILLIAMS,

               Defendants.

OPINION AND ORDER

23-cv-141-wmc

---

Plaintiff Brian DeMarco Mitchell, who represents himself, has brought this civil action under 42 U.S.C. § 1983 against Wisconsin State Patrol Trooper Keegan Dean Williams. (Dkt. #1.) The court granted plaintiff leave to proceed with a claim that defendant Williams violated his rights under the Fourth Amendment by searching his vehicle without probable cause during a traffic stop and a state-law claim for intentional infliction of emotional distress. (Dkt. #9.) Plaintiff was also allowed to proceed with a due process claim under the Fourteenth Amendment, alleging that defendant fabricated evidence against him. (Dkt. #28.) Plaintiff has filed a motion for summary judgment on these claims (dkt. #23), which will be denied for the reasons explained below.

UNDISPUTED FACTS[1]

On December 22, 2021, defendant Williams was on duty monitoring traffic on Interstate 94 in Jefferson County, Wisconsin, when he observed Mitchell's truck and

---

[1] Unless otherwise indicated, the facts set forth in this section are taken from the proposed findings of fact that are undisputed by the parties as required by the court's procedures on summary

estimated its speed to be in excess of the posted speed limit. After confirming his estimate by obtaining a clear, radar-indicated speed, Williams activated his emergency flashers and initiated a traffic stop by pulling up behind Mitchell's truck.

Mitchell pulled his truck over on the right shoulder of the highway and Williams approached the driver's side of the vehicle. Williams initially reported, then later testified at a pretrial evidentiary hearing, that "as he approached the truck bed he was smelling the odor of raw marijuana coming from the vehicle," although he admitted on cross-examination that he could not recall if the windows were rolled down at the time.

Williams asked Mitchell to get out of the vehicle, then opened the driver's side door. Once the door was opened, Williams observed a firearm on the floorboard by Mitchell's feet. Williams grabbed the firearm, at which point Mitchell drove away from the traffic stop. After Mitchell eventually pulled over a second time and other officers had arrived, Mitchell was commanded to approach them. Mitchell then did so and was placed under arrest. A subsequent search of Mitchell's vehicle found only a small amount of marijuana in a plastic bag placed in a cup holder on the driver's side door. The amount was so insignificant that it was not even seized by officers at the scene.[2]

---

judgment, which were provided with the preliminary pretrial conference order. *See Hedrich v. Bd. of Regents of Univ. of Wisconsin Sys.*, 274 F.3d 1174, 1178 (7th Cir. 2011) (the court considers only evidence set forth in a proposed finding of fact with proper citation); *Rivera v. Guevara*, 319 F. Supp. 3d 1004, 1018 (N.D. Ill. 2018) (disregarding summary-judgment "submissions that make legal arguments and assert legal conclusions, which are not factual statements at all").

[2] According to exhibits provided by Mitchell, additional drugs were found in the vehicle, including fentanyl, methamphetamine, and cocaine, along with a quantity of cash. (Dkt. ##23-3, 23-5.) It also appears that Mitchell *may* have been charged with unlawful possession of a firearm and possession of a controlled substance in state court, but it is unclear from the available record what happened to those charges. (Dkt. ##23-2, 23-6.)

A grand jury in the Western District of Wisconsin subsequently charged Mitchell with unlawful possession of a firearm by a previously convicted felon. *United States v. Mitchell*, Case No. 22-cr-36-wmc (W.D. Wis.). However, Mitchell's defense counsel filed a motion to suppress the firearm, claiming that when Williams opened the door of Mitchell's truck, leading to the discovery of the weapon, the search exceeded the scope of the traffic stop and was not supported by probable cause. On October 4, 2022, United States Magistrate Judge Stephen Crocker held an evidentiary hearing, at which Williams and one other witness (Wisconsin State Trooper Danny Daniels) testified for the government. Thereafter, Judge Crocker issued a Report and Recommendation ("R&R") that Mitchell's motion to suppress be granted because the government's evidence failed to support Williams' testimony that he smelled the aroma of raw marijuana wafting from Mitchell's truck as he approached it. (R&R (Case No. 22-cr-36-wmc, dkt. #42) at 2.)

In opposing the adopting of the R&R by this court, the government argued, among other things, that under *Pennsylvania v. Mimms*, 434 U.S. 106 (1977), Williams was authorized as a matter of course to order the driver of a lawfully stopped vehicle to exit his vehicle. *Id.* at 111 & n. 6. (Opinion & Order, 22-cr-36-wmc (dkt. #48) at 5.) However, the court found the government's objections to Judge Crocker's credibility findings regarding Williams -- who had changed his story several times about the events of December 22, 2021, and called into question whether he had smelled the odor of raw marijuana coming from inside of Mitchell's vehicle -- to be "dubious" and did not provide grounds to revisit those findings, especially because Judge Crocker had an opportunity to assess Williams's demeanor during the evidentiary hearing. (*Id.*) Shortly after this court entered its Opinion & Order adopting the R&R, the government dismissed the federal case

against Mitchell, who then filed this civil action against Williams for violating his constitutional rights and state law.

OPINION

Plaintiff was granted leave to proceed with claims that defendant: (1) searched his vehicle in violation of the Fourth Amendment; (2) fabricated evidence in support of the search in violation of the Fourteenth Amendment Due Process Clause; and (3) intentionally inflicted emotional distress in violation of state law. (Dkt. #9, #28.) Invoking both claim preclusion and issue preclusion, plaintiff has moved for summary judgment on these claims, arguing that he is entitled to prevail based on the findings made by Judge Crocker that Williams lacked credibility and further lacked probable cause to search his truck on the night of December 22, 2021. (Dkt. #23.)

Although self-represented litigants are entitled to a liberal construction of their pleadings, a plaintiff's *pro se* status "doesn't alleviate his burden [of proof] on summary judgment." *Arnett v. Webster*, 658 F.3d 742, 760 (7th Cir. 2011) (citation omitted). Summary judgment is only proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment has the initial burden of showing that there is no genuine dispute of fact and that they are entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A dispute about a material fact is

genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In evaluating summary judgment motions, courts must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Otherwise, a court's role in deciding a motion for summary judgment "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Thus, a district court "may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts when ruling on a motion for summary judgment." *Reinebold v. Bruce*, 18 F.4th 922, 927 (7th Cir. 2021) (citation omitted).

I.   **Fourth Amendment Claims – Unlawful Search**

Here, plaintiff moves for summary judgment on his claim that defendant violated the Fourth Amendment by searching his vehicle improperly without probable cause. The Fourth Amendment of the United States Constitution guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. When police officers stop an automobile and detain the occupants briefly, the stop amounts to a seizure within the meaning of the Fourth Amendment. *Whren v. United States*, 517 U.S. 806, 809-10 (1996). "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Id*. at 810; *see also Atwater v. City of Lago Vista*,

532 U.S. 318, 354 (2001) ("If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender."). Police may also search a vehicle without a warrant if the search is supported by probable cause. *United States v. Ochoa-Lopez*, 31 F.4th 1024, 1026 (7th Cir. 2022). Accordingly, police officers have probable cause to stop and search when they smell marijuana emanating from a vehicle. *See United States v. Jackson*, 103 F.4th 483, 488 (7th Cir. 2024) ("The smell of marijuana alone justifies a Fourth Amendment search or seizure.") (collecting cases).

Here, defendant stopped plaintiff because he was speeding, but the parties dispute what happened next. Defendant maintains that he had probable cause to open the driver's side door and search plaintiff's vehicle because he smelled marijuana, which for various reasons the magistrate judge did not find credible to support criminal charges related to the defendant's later discovery of a weapon after opening the driver's side door. However, the existence of probable cause would be "an absolute bar" to a civil claim asserted under the Fourth Amendment and 42 U.S.C. § 1983. *Muhammad v. Pearson*, 900 F.3d 898, 907 (7th Cir. 2018) (citations omitted). Defendant also invokes the defense of qualified immunity, which protects government officials from liability for damages unless they "violate clearly established statutory or constitutional rights." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

The principal factual issue at trial appears to turn on whether a jury will find credible a defendant's assertion that he could smell a small amount of raw marijuana. Plaintiff argues that, invoking the doctrine of issue preclusion and claim preclusion, defendant cannot establish probable cause because defendant's testimony was lacking in credibility

6

as a matter of law for reasons outlined by Judge Crocker following the suppression hearing. Far from it, a civil jury will not even hear about the court's reasoning in its suppression ruling.

To begin, claim preclusion or res judicata applies to bar future lawsuits when there is: "(1) an identity of the causes of actions; (2) an identity of the parties or their privies; and (3) a final judgment on the merits" in the original action. *Bernstein v. Bankert*, 733 F.3d 190, 226 (7th Cir. 2013) (citation omitted). Similarly, under the doctrine of issue preclusion or collateral estoppel, an issue of ultimate fact cannot be litigated a second time between the same parties if it has already "been determined by a valid and final judgment." *Riley v. Calloway*, 882 F.3d 738, 742 (7th Cir. 2018) (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)). Issue preclusion applies in a subsequent proceeding when: (1) the issues addressed are identical; (2) the issue was actually litigated in the prior proceeding; (3) determination of the issue was essential to the prior judgment; and (4) the party against whom issue preclusion is being invoked was fully represented in the prior action. *Matrix IV, Inc. v. Am. Nat'l Bank & Tr. Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011).

Unfortunately for plaintiff, neither claim preclusion nor issue preclusion applies in the follow-on civil suit. (Dkt. #33, at 4-6.) First, as defendant rightly points out, he was *not* a party to the underlying criminal proceeding, and he argues further that his interests were not adequately represented at the suppression hearing. With one limited exception, the Seventh Circuit's "baseline presumption is that non-parties are not bound by earlier judgments." *Oneida Nation v. Village of Hobart*, 968 F.3d 664, 687 (7th Cir. 2020). And this exception applies only where the non-party either controlled the earlier litigation or where there is "a privity relationship." *Id*. at 688. Certainly, the United States not

7

defendant controlled its pursuit of criminal charges against plaintiff, and in this context, privity requires a "sufficiently close identity of interests." *Tice v. American Airlines, Inc.*, 162 F.3d 966, 971 (7th Cir. 1998). Several other federal circuit courts considering similar circumstances have found no privity between a police officer sued in his individual capacity and the government prosecuting a prior criminal case. *E.g., McFarland v. Childers*, 212 F.3d 1178, 1185-86 (10th Cir. 2000); *Bilida v. McCleod*, 211 F.3d 166, 170-71 (1st Cir. 2000); *Smith v. Holtz*, 210 F.3d 186, 199-200 n.18 (3d Cir. 2000); *Duncan v. Clements*, 744 F.2d 48, 51-52 (8th Cir. 1984). This court agrees.

Second, defendant rightly points out that issues of civil liability are not identical to the legal questions litigated during the criminal suppression hearing. Whether a law enforcement officer is protected by qualified immunity is also a separate legal question from whether a search and seizure was supported by probable cause. *Fleming v. Livingston Cty., Ill.*, 674 F.3d 874, 879 (7th Cir. 2012); *see also United States v. Standefer*, 447 U.S. 10, 25 (1980) ("'[T]he purpose of a criminal court is not to provide a forum for the ascertainment of private rights. Rather it is to vindicate the public interest in the enforcement of the criminal law while at the same time safeguarding the rights of the individual defendant.'") (citation omitted). Thus, the Seventh Circuit and other courts have concluded that a criminal proceeding should not be used as a basis for claim or issue preclusion since the criminal court had no reason to consider whether the officer should be found civilly liable or is entitled to qualified immunity. *See Cannaday v. Sandoval*, 458 F App'x 563, 566 (7th Cir. 2012) (unpublished); *Evans v. Matson*, No. 20-cv-476, 2022 WL 912031, at *3 (E.D. Wis. March 29, 2022); *Johnson v. Beckman*, 1:09-cv-04240, 2013 WL 1181584, at *3-4 (N.D. Ill. March 21, 2013).

Ultimately, as previously noted, the success of plaintiff's Fourth Amendment claim will likely turn on the credibility of defendant, as well as plaintiff, and the other evidence, all of which is for a jury to consider at trial. While a witness's inconsistent statements may be introduced at trial for purposes of impeachment to attack his or her credibility under Fed. R. Evid. 613, credibility determinations are not an appropriate consideration at summary judgment. *Reinebold*, 18 F.4th at 927; *see also Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704 7th Cir. 2011) (a district court may not weigh conflicting evidence or make credibility determinations, both of which are in the province of the jury). Because the parties' accounts vary widely about the events that took place on the night of the traffic stop, factual disputes preclude summary judgment on plaintiff's Fourth Amendment claim.

## II.     Remaining Claims

Plaintiff also claims that defendant violated his right to due process by fabricating evidence in support of his search, and testified falsely at the suppression hearing held in his criminal case. It is well-established that "a police officer who manufactures false evidence against a criminal defendant violates due process if that evidence is later used to deprive the defendant of [his] liberty in some way." *Whitlock v. Brueggemann*, 682 F.3d 567, 580 (7th Cir. 2012); *see also Avery v. City of Milwaukee*, 847 F.3d 433, 439 (7th Cir. 2017) (convictions premised on deliberately fabricated evidence always violate the right to due process). To establish such a violation, a plaintiff must demonstrate not only that the defendant officer "'created evidence that [he] knew to be false,' but also that the evidence was used 'in some way' to deprive [plaintiff] of liberty." *Anderson v. City of Rockford*, 932 F.3d 494, 509 (7th Cir. 2019) (citations omitted).

Plaintiff further claims that, by subjecting him to an unlawful search and seizure, defendant intentionally inflicted emotional distress. Such a claim has four elements under Wisconsin law: (1) the defendant intended his conduct to cause emotional distress; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff's emotional distress; and (4) the plaintiff suffered an extreme disabling emotional response to the defendant's conduct. *Rabideau v. City of Racine*, 2001 WI 57, ¶ 33.

Apart from pointing to defendant's testimony at the suppression hearing and characterizing it as not credible, however, plaintiff presents no evidence in support of his claim that defendant *fabricated* evidence. Thus, absent plaintiff producing case law allowing such a claim on facts closer to that here, the court is disinclined to allow plaintiff to proceed on this specific claim out of concern for jury confusion. Indeed, there appears no dispute that plaintiff had a gun at his feet in the car. Thus, this claim appears to be quite a stretch, as well as overlaps the more applicable Fourth Amendment claim that plaintiff will be allowed to pursue at trial.

As for plaintiff's claim of intentional infliction of emotional distress, it too seems to overlap substantially with his Fourth Amendment claim, though it appears to stand more stolidly on its own if the facts are viewed favorably for plaintiff, as this court must at summary judgment although plaintiff presents nothing more than his own speculation that defendant intended to cause him emotional distress. Because this is a question of fact that also depends on credibility determinations, plaintiff's motion for summary judgment on the latter claim must be denied as well.

ORDER

IT IS ORDERED that:

1. The motion for summary judgment filed by plaintiff Brian DeMarco Mitchell (dkt. #23) is DENIED.

2. The clerk's office is directed to set this case for a pretrial scheduling conference before Magistrate Judge Boor for purposes of setting the case for trial.

Entered this 9th day of April, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge